FILED'07 FEB 16 10:29usDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES H. MATLOCK

        Petitioner,

   v.

CHARLES A. DANIELS, Warden, FCI
Sheridan, Federal Bureau of Prisons

       Respondent.

Civil No. 06-1147-BR

OPINION AND ORDER

      JAMES H. MATLOCK
      Fed. Reg. No. 90897-012
      Federal Prison Camp
      P.O. Box 6000
      Sheridan,  OR   97378

         *Pro Se* Petitioner

      KARIN J. IMMERGUT
      United States Attorney
      District of Oregon
      SCOTT ERIK ASPHAUG
      JAMES L. SUTHERLAND
      U.S. Attorney's Office
      1000 SW Third Avenue, Suite 600
      Portland,  Oregon   97204

         Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner, an inmate at the Federal Correctional Institution (FCI), Sheridan, Oregon, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.  For the reasons set forth below, Petitioner's habeas corpus petition (#1) is **DISMISSED** for lack of jurisdiction.

**BACKGROUND**

On March 1, 1991, Petitioner was sentenced to 240 months imprisonment and ten years supervised release following his conviction in the United States District Court for the Central District of California for distribution of cocaine in violation of 21 U.S.C. § 841(a)(1).  At sentencing, the criminal history available to the court included a 1982 conviction in California state court for possession of PCP "for sale." On October 18, 1996, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the same court to vacate, set aside, or amend his sentence.  The district court dismissed the motion as to the second and fourth claims and denied the motion as to the first and third claims.

On August 10, 2006, Petitioner filed the instant Petition. Petitioner alleges his imprisonment under the 1991 sentence is in violation of the laws and Constitution of the United States because of sentencing enhancements attributable to his 1982 state court conviction.  Petitioner contends he is "'[a]ctually [i]nnocent' of the portion of his sentence which was enhanced by nonfederal prior

2 - OPINION AND ORDER -

offenses." According to Petitioner, the instant Petition is "to correct the way in which the sentence was performed, not the lawfulness of the sentence itself - then or now."

## DISCUSSION

28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens v. Al Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). A motion under § 2255 must be filed in the court in which the petitioner was sentenced. As noted, Petitioner previously filed a petition under § 2255 "to vacate, set aside or amend sentence" in the United States District Court for the Central District of California as to the same sentence he challenges here.

A motion pursuant to 28 U.S.C. § 2241, filed in the district where a petitioner is incarcerated, is permissible if the remedy under § 2255 is inadequate or ineffective to challenge the legality of Petitioner's detention. *Id.* at 897-98. A petitioner may not circumvent restrictions on the availability of § 2255, however, by filing a motion under § 2241 contending § 2255 is inadequate or ineffective. *Id.* The burden is on a petitioner to show § 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

In the Ninth Circuit, "inadequate or ineffective" in this context has a narrow meaning and does not allow for circumventing

the "gate-keeping provisions" that limit successive § 2255 petitions. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). Instead, a § 2241 petition is available only when a petitioner makes a claim of actual innocence of the crime for which he was convicted, and the petitioner has never had an "unobstructed procedural shot" at presenting his claim. *Stephens*, 464 F.3d at 898; *Ivy*, 328 F.3d at 1060. To establish actual innocence, Petitioner must show by a preponderance of the evidence "that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Lorentsen v. Hood*, 223 F.3d 950 (9th Cir. 2000)(quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Factual innocence, not legal insufficiency, is required. *Id.* (quoting *Bousley*).

Here, Petitioner fully acknowledges his guilt of the crime for which the district court sentenced him. Moreover, Petitioner also does not claim he is innocent of the crime for which he was convicted in California state court in 1982. Rather, Petitioner argues his "innocence" arises from what he contends was the improper use of his 1982 state conviction to enhance his federal sentence. Despite Petitioner's creative interpretation of "innocence," he may proceed under § 2241 only if he can show actual innocence of the crime for which he was sentenced by the district court. Under these circumstances, Petitioner necessarily fails

that requirement.  Petitioner also fails to show that he never had an "unobstructed procedural shot" at presenting his claim.  Indeed, Petitioner actually presented his claim in 1996 when he filed his § 2255 motion seeking to vacate, set aside or amend his sentence.

In short, procedural bars to filing successive petitions do not provide Petitioner the legal basis for challenging his incarceration under § 2241.  *Ivy*, 328 F.3d at 1059.  Accordingly, the Court lacks subject matter jurisdiction to permit this Petition to go forward.

## CONCLUSION

For these reasons the Court DENIES the Motion to Grant Petition for Writ of Habeas Corpus (#1) and DISMISSES this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED this $15^{M}$ day of February, 2007.

ANNA J. BROWN
United States District Judge